IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>vs.<br><br>GLENN B. LAKEN, *et al.*,<br><br>*Defendants*. | Civil Action<br>No. 1:22-cv-3252-ELR |

## ANSWER OF DEFENDANT GLENN LAKEN

Defendant Glenn B. Laken ("Defendant") hereby answers the Complaint in this action [Dkt. 1] and sets forth his affirmative defenses, all as set forth in more detail below. Any allegation or implication of the Complaint not expressly admitted below is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. The Northern District of Georgia is an inconvenient forum for this litigation.

3. The claims alleged as to Defendant have been improperly joined with claims related to other Defendants with whom Defendant had no meaningful interactions.

1

4. The claims alleged as to Defendant have been improperly joined with factually distinct claims which involve claims for which Defendant is not even alleged to have been involved.

5. Some or all of the claims asserted against Defendant are barred by the applicable statute of limitations.

## RESPONSES TO SPECIFIC ALLEGATIONS

## SUMMARY

1. To the extent the allegations in Paragraphs 1 through 14 of the Complaint are directed to Defendant, such allegations are denied.

## JURISDICTION AND VENUE

2. Paragraph 15 of the Complaint states a legal conclusion to which no response is required. To the extent a response by Defendant is required, denied.

3. To the extent that the allegations in Paragraphs 16 through 18 of the Complaint are directed to Defendant, they are denied.

## FACTS

### A. **Defendants**

4. With respect to the allegations set forth in Paragraphs 19 through 22, Defendant lacks information sufficient to admit or deny said allegations.

5. With respect to the allegations set forth in Paragraph 23, Defendant admits that he resides in Chicago, Illinois, and that he has served as the President and Chairman of CMG Holdings Group, Inc. f/k/a CMG Holdings, Inc., and admits to a prior criminal conviction but denies, that said conviction is relevant or admissible.

6. With respect to the allegations set forth in Paragraphs 24 through 36, Defendant lacks information sufficient to admit or deny said allegations.

---

### B. Relief Defendants

7. With respect to the allegations set forth in Paragraphs 37 through 38 of the Complaint, Defendant lacks information sufficient to admit or deny said allegations.

### C. Related Entities and Individual

8. With respect to the allegations set forth in Paragraphs 39 through 41 of the Complaint, Defendant lacks information sufficient to admit or deny said allegations.

### D. The LBTD-Related Conduct

**(a) The LBTD Group Lays the Groundwork for their Scheme by Taking Steps to Make LBTD Shares Readily Tradable.**

9. With respect to the allegations set forth in Paragraphs 42 through 49 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(b) The Tangs Transfer Shares to the Wongs, Who Hide Their Beneficial Ownership**

10. With respect to the allegations set forth in Paragraphs 50 through 56 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(c)** **Additional Unreported LBTD Transactions by the Wongs**

11. With respect to the allegations set forth in Paragraphs 57 through 67 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(d)** **Key Additional Pre-ATO Transactions and LBTD Group Activity**

12. With respect to the allegations set forth in Paragraphs 68 through 74 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(e)** **August 16, 2017 Hack:  The Wongs Are the Principal Sellers**

13. With respect to the allegations set forth in Paragraphs 75 through 79 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(f)** **Preparation for the Next ATO**

14. With respect to the allegations set forth in Paragraphs 80 through 94 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required. To the extent a response is required from

Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**(g)** <u>**September 19, 2017 Hack:  The Wongs Again are the Principal Sellers**</u>

15. With respect to the allegations set forth in Paragraphs 95 through 113 of the Complaint, these allegations are directed at parties other than Defendant and therefore no response is required.  To the extent a response is required from Defendant, Defendant lacks information sufficient to admit or deny said allegations.

**E.   The GMER-Related Conduct**

**(a) <u>Prior to the Hack, Laken Surreptitiously Distributes GMER Shares to GMER Group Members as the GMER Group Prepares for the Manipulation</u>**

16. In response to the allegations set forth in Paragraph 114 of the Complaint, Defendant admits that, in 2016, he was the CEO and Chairman of CMGO, but otherwise denies the allegations contained therein.

17. In response to the allegations set forth in Paragraph 114 of the Complaint, Defendant admits that, in 2016, he was the CEO and Chairman of CMGO, but otherwise denies the allegations contained therein.

18. Defendant denies the allegations set forth in Paragraph 115.

19. Defendant admits the allegations set forth in Paragraph 116.

20. In response to the allegations set forth in Paragraph 117 of the Complaint, Defendant admits that, in or around August 2017, CMGO converted

6

its GMER preferred stock into 20,000,000 shares of GMER common stock. The balance of the allegations are denied.

21. With respect to the allegations set forth in Paragraph 118 of the Complaint, Laken admits that CMGO obtained a legal opinion as to the legality of transferring shares, but denies the allegations of this Paragraph to the extent it alleges that Defendant coordinated with Tang, and denies knowledge or information concerning the balance of the allegations about the actions of Tang or Cox.

22. In response to the allegations contained in Paragraph 119, Defendant admits that a proposed agreement was exchanged by which CMGO could sell its shares, but denies the balance of the allegations.

23. In response to the allegations contained in Paragraph 120, Defendant states that the referenced writing speaks for itself, and otherwise denies the allegations.

24. In response to the allegations contained in Paragraph 121, Defendant admits that Cox represented to Defendant and to others that he could engage in legitimate efforts to assist in the sale of CMGO's GMER stock.

25. In response to the allegations contained in Paragraph 122, admitted that Cox copied Defendant on an email with a transfer form but otherwise denies information from which to admit or deny the balance of the allegations.

26. In response to the allegations contained in Paragraphs 123 and 124, Defendant denies information from which to admit or deny the allegations.

27. In response to the allegations contained in Paragraph 125, admitted that GMER's transfer agent transferred shares belonging to CMGO into Cox's account at Seton, but otherwise denies information from which to admit or deny the balance of the allegations.

28. In response to the allegations contained in Paragraphs 126 and 127, Defendant denies information from which to admit or deny the allegations.

29. In response to the allegations contained in Paragraph 128, Defendant denies the allegations.

30. In response to the allegations contained in Paragraphs 129-134, Defendant denies information from which to admit or deny the allegations.

**(b) The January 22, 2018 GMER Hack.**

31. In response to the allegations contained in Paragraphs 135 through 145, Defendant denies information from which to admit or deny the allegations, except to the extent that it is implied that Defendant was involved in a conspiracy with the referenced individuals, in which case it is expressly denied.

32. In response to the allegations contained in Paragraph 146, Defendant denies the allegations.

33. In response to the allegations contained in Paragraphs 147 through 149, Defendant denies information from which to admit or deny the allegations, except to the extent that it is implied that Defendant was involved in a conspiracy with the referenced individuals, in which case it is expressly denied.

34. In response to the allegations contained in Paragraph 150, Defendant denies information from which to admit or deny the allegations, except to admit that CMGO received funds for the legitimate sale of its stock; denied that CMGO was on the date stated "Laken's controlled entity"; and, furthermore, to the extent that it is implied that Defendant was involved in a conspiracy with the referenced individuals, such is expressly denied.

35. In response to the allegations contained in Paragraphs 151, Defendant denies information from which to admit or deny the allegations, except to the extent that it is implied that Defendant was involved in a conspiracy with the referenced individuals, in which case it is expressly denied.

## COUNT I

36. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

37. Defendant denies the allegations contained in Paragraph 153 through 156.

## COUNT II

38. The allegations contained in this count are directed at parties other than Defendant and therefore no response is required.

## COUNT III

39. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

40. Defendant denies the allegations contained in Paragraphs 161 through 162.

## COUNT IV

41. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

42. Defendant denies the allegations contained in Paragraphs 168 through 170.

## COUNT VI

43. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

44. Defendant denies the allegations contained in Paragraphs 172 through 174.

## COUNT VII

45. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

46. The allegations contained in this count are directed at parties other than Defendant and therefore no response is required.

## COUNT VIII

47. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

48. The allegations contained in this count are directed at parties other than Defendant and therefore no response is required.

## COUNT IX

49. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

50. The allegations contained in this count are directed at parties other than Defendant and therefore no response is required.

## COUNT X

51. Defendant repeats and realleges his response to the Paragraphs referenced above which are incorporated herein by reference.

52. The allegations contained in this count are directed at parties other than Defendant and therefore no response is required.

Defendant denies any allegations set forth in the "Prayer for Relief" and its subparts and specifically denies that the Plaintiff is entitled to any relief against him whatsoever.

## **JURY TRIAL DEMAND**

Defendant Laken demands a trial by jury as to all issues so triable.

This 11th day of November, 2022

        /s/ Donald F. Samuel, Esq.
        Attorney for Defendant
        3151 Maple Drive, N.E.
        Atlanta, GA 30305
        (404) 262-2225
        dfs@gsllaw.com

        &

        /s/ Kevin J. O'Connor
        Admitted *Pro Hac Vice*
        Peckar & Abramson, P.C.
        70 Grand Avenue
        River Edge, New Jersey 07661
        201-343-3434
        koconnor@pecklaw.com

#4841417v1

## **L.R. 7.1(D) CERTIFICATION**

I certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 14-pt Times New Roman font.

This 11th day of November, 2022

/s/ Donald F. Samuel, Esq.
Attorney for Defendant
3151 Maple Drive, N.E.
Atlanta, GA 30305
(404) 262-2225
dfs@gsllaw.com

&

/s/ Kevin J. O'Connor
Admitted *Pro Hac Vice*
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, New Jersey 07661
201-343-3434
koconnor@pecklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing ANSWER OF DEFENDANT GLENN B. LAKEN on all parties by electronically filing it with the Clerk of the Court using the ECF e-file system, which will automatically send an email notification of such filing to counsel for the parties.

This 11th day of November, 2022

/s/ Donald F. Samuel, Esq.
Attorney for Defendant
3151 Maple Drive, N.E.
Atlanta, GA 30305
(404) 262-2225
dfs@gsllaw.com

&

/s/ Kevin J. O'Connor
Admitted *Pro Hac Vice*
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, New Jersey 07661
201-343-3434
koconnor@pecklaw.com