IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:22-CV-03252-ELR |
| RAHIM MOHAMED, et al., | * * * | |
| Defendants. | * * | |

_____

**O R D E R**

_____

Presently before the Court is the United States' "Motion to Intervene and Motion for Stay of Discovery." [Doc. 69]. The Court sets out its reasoning and conclusions below.

**I.   Background**

On August 15, 2022, Plaintiff Securities & Exchange Commission ("SEC") brought this civil action against Defendants Rahim Mohamed; Davies (Dave) Wong; Glenn B. Laken; Richard C.S. Tang; Zoltan Nagy; Jeffrey D. Cox; Phillip G. Sewell; Breanne M. Wong; Christophe Merani; Anna Tang; Robert W. Seeley; Richard B. Smith; Christopher R. Smith; H.E. Capital SA; Pop Holdings LTD.; Maximum Ventures Holdings LLC; Harmony Ridge Corp.; Avatele Group LLC; 9224-3708

Quebec, Inc.; and Jason Black for alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. See Compl. [Doc. 1]. Plaintiff SEC alleges that Defendants engaged in a market manipulation and fraudulent hacking scheme by which they purchased "common stock of two public microcap companies," used hacked third-party investor accounts to purchase additional shares in the same two (2) companies, and then sold their own shares at an inflated price. See id. ¶ 1. On December 9, 2022, the Court entered a Scheduling Order by which it set deadlines for completing the Rule 26(f) Conference, filing the Joint Preliminary Report and Discovery Plan, and exchanging initial disclosures, and ordered that discovery between Plaintiff SEC and Defendants who had made an appearance was to commence on January 30, 2023. [See Doc. 46].

Shortly before Plaintiff SEC brought the instant civil case, on August 9, 2022, a federal grand jury in the Northern District of Georgia returned an indictment in a parallel criminal case against Defendants Rahim Mohamed; Richard Tang; Davies Wong; Breanne Wong; Phillip Sewell; Zoltan Nagy; Christophe Merani; Glenn Laken; and Jeffrey Cox. See Criminal Indictment, United States v. Mohamed, Criminal Action No. 1:22-CR-00283-VMC-CMS (N.D. Ga. Aug. 9, 2022), ECF No. 1 (hereinafter the "Mohamed Indictment"). The indictment against these nine (9) Defendants involves substantially the same conduct as that alleged by Plaintiff SEC in the instant civil case. Compare id. ¶¶ 17–20, with Compl. ¶¶ 1–14.

On February 2, 2023, the United States Attorney's Office for the Northern District of Georgia (the "United States") filed its "Motion to Intervene and Motion for Stay of Discovery" by which it requests that the Court (1) permit it to intervene in the instant civil case pursuant to Federal Rule of Civil Procedure 24 and (2) stay discovery in the instant civil case until resolution of the above-mentioned parallel criminal case.  [See Doc. 69 at 5, 8].  Defendant Merani (who is charged in both the civil and criminal cases at issue here) opposes the United States' motion to stay discovery.  [See Doc. 72].  Having been fully briefed, the United States' motions are ripe for the Court's review.

## II.   Discussion

The Court first considers whether the United States may permissibly intervene in the instant civil case before turning to its motion to stay discovery.

### A.   Motion to Intervene

"Rule 24 provides two methods by which a non-party may seek to intervene—as of right and permissively."  Hill v. Duscio, Civil Action No. 1:16-CV-4767-ELR-CCB, 2020 WL 11192698, at *2 (N.D. Ga. Oct. 6, 2020), report and recommendation adopted, 2020 WL 11192842 (Oct. 28, 2020).  Pursuant to Rule 24(b) and relevant here, "a party seeking permissive intervention must show 'that: (1) his application to intervene is timely; and (2) his claim or defense and the main

3

action have a question of law or fact in common.'"[1] Hill, 2020 WL 11192698, at *5 (quoting Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)). In deciding whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Upon review, the Court finds that the United States may permissively intervene in the instant civil case pursuant to Rule 24(b). First, the United States' motion is timely because it was filed less than six (6) months after Plaintiff SEC brought the instant civil case and two (2) months after the Court issued the Scheduling Order for discovery. See Compl.; [Docs. 46, 69]; Chiles, 865 F.2d at 1213 (finding a motion to intervene made seven (7) months after the original complaint was filed timely). Second, the parallel criminal case has questions of fact common to the instant civil case because both involve the same alleged market manipulation and fraudulent hacking scheme and were brought against nine (9) of the same Defendants. Compare the Mohamed Indictment ¶¶ 17–20, with Compl. ¶¶ 1–14.

Third, the Parties in the instant civil case will not be prejudiced by the United States' intervention as evidenced by the fact that neither Plaintiff SEC nor

---

[1] The Court does not address the United States' alternative argument that it may intervene as of right because the Court finds that the United States may permissively intervene in the instant civil case. [See Doc. 69 at 5].

4

Defendants oppose the United States' motion to intervene. [See Docs. 72 at 3 n.1; 74 at 2]. Rather, any undue delay or prejudice potentially impacting the Parties in the instant civil case "does not flow from the intervention, but instead from the proposed stay." See SEC v. Nicholas, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008). Indeed, courts have generally allowed the United States to intervene permissibly in SEC civil enforcement cases for the purpose of moving to stay discovery until resolution of parallel criminal proceedings. See id. (granting the United States leave to permissibly intervene in a SEC civil case for the purpose of seeking a stay of discovery pending resolution of a related criminal case); see also SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam) (affirming a district court's grant of permissive intervention in a SEC civil case for the purpose of seeking a discovery stay pending completion of the related criminal investigation). Therefore, the Court grants the United States' motion to intervene in the instant civil case.

    **B.**    **Motion for a Stay of Discovery**

Having found that the United States may permissibly intervene in this action, the Court now considers its motion for a stay of discovery pending resolution of the parallel criminal case. [See Doc. 69 at 8]. The United States argues that a stay of discovery in this case is proper because it "would prevent the civil discovery rules from subverting the criminal discovery process, serve the public interest by narrowing the factual and legal issues before this Court, and facilitate a more

efficient resolution of both [the parallel civil and criminal] actions." [See id. at 2–3]. Defendant Merani opposes a stay of discovery, arguing that he is entitled to a reasonably prompt resolution of the serious civil charges brought against him by the SEC. [See Doc. 72 at 3–4].

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N.A. Co., 299 U.S. 248, 254 (1936). While "[p]arallel civil and criminal proceedings instituted by different federal agencies are not uncommon," a court has discretion to "stay one of the proceedings pending completion of the other[.]" SEC v. First Fin. Group of Tex., Inc., 659 F.2d 660, 666, 668 (5th Cir. 1981). "[A] stay is appropriate 'in cases of extraordinary public moment,' so long as the 'delay [is] not immoderate in extent and not oppressive in its consequences' and 'the public welfare or convenience will thereby be promoted.'" SEC v. Rand, Civil Action No. 1:09-CV-01780-AJB, 2010 WL 11549601, at *5 (N.D. Ga. Dec. 14, 2010) (quoting Landis, 299 U.S. at 256). In considering if a stay is warranted in the context of parallel civil and criminal cases, courts generally weigh the following six (6) factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the case, including whether [the] defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously versus the prejudice to the plaintiff resulting from the delay; (4) the interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interests.

Id. (collecting cases that apply the same or a similar factor balancing test). The Court analyzes each factor in turn.

### 1. Overlap of the civil and criminal cases

The first factor considers the extent of overlap between the parallel civil and criminal cases. "The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." SEC v. Healthsouth Corp., 216 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). Here, there is substantial overlap between the parallel civil and criminal cases because both arise out of the same alleged market manipulation and fraudulent hacking scheme and involve nine (9) of the same Defendants. See S.W. v. Clayton Cnty. Pub. Schs., 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016) (holding that the overlap factor is satisfied when both cases concern the same question of fact). Compare the Mohamed Indictment ¶¶ 17–20, with Compl. ¶¶ 1–14. Thus, this factor weighs in favor of a stay of discovery.

### 2. Status of the criminal case

The second factor relates to the status of the criminal case. "Courts generally 'recognize that the case for a stay is strongest where the defendant has already been indicted.'" Rand, 2010 WL 11549601, at *6 (quoting Chao v. Fleming, 498 F. Supp. 2d 1034, 1037–38 (W.D. Mich. 2007)). The nine (9) Defendants common to both

the civil and criminal cases at issue have all been indicted. See the Mohamed Indictment. Therefore, this factor also weighs in favor of staying discovery.[2]

3. Plaintiff's interests

The third factor concerns the interests of Plaintiff SEC and the United States as intervenor. First, Plaintiff SEC indicates that it does not oppose the United States' request for a stay of discovery in the instant civil case. [See Doc. 74 at 2]. "Since the SEC believes that a stay does not affect its interests, this factor weighs in favor of the stay." Rand, 2010 WL 11549601, at *6. Second, the United States argues that its interests would be served by a stay because it "has a significant interest in preventing the use of civil discovery to circumvent the limits on criminal discovery." [See Doc. 69 at 13].

In response, Defendant Merani contends that the United States' purported interest only applies to Defendants receiving a special advantage and that the United States cannot seek a stay of discovery simply to avoid losing a tactical advantage. [See Doc. 72 at 4]. Defendant Merani further argues that the United States' "concern about a purported tactical advantage is largely absent or entirely theoretical in this case" because "millions of pages of documents" have already been produced in the

---

[2] "This factor is given more weight if the defendant seeks the stay 'to avoid choosing between his Fifth Amendment privilege . . . and his defense in the civil case.'" Rand, 2010 WL 11549601, at *6 (quoting SEC v. Gordon, No. 09-CV-61, 2009 WL 2252119, at *4 (N.D. Okla. July 28, 2009)). However, this factor does not receive more weight here because Defendants are not seeking a stay of discovery.

criminal case and Plaintiff SEC in the instant civil case "has already identified all of the witnesses with relevant knowledge and the subjects of their knowledge." [See id. at 6].

The Court finds that the United States' interests here weigh in favor of a stay. As articulated by the former Fifth Circuit, a criminal defendant "should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions in criminal discovery and thereby obtain documents he would not otherwise be entitled to use in his criminal suit." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).[3] The United States' interest in this regard is valid and supports a stay of discovery. See id. ("[A] judge should be sensitive to the differences in the rules of discovery in civil and criminal cases."). Defendant Merani's argument that discovery in this case should proceed because Plaintiff SEC has already produced its initial disclosures and documents have been exchanged in the criminal case does not allay these broader concerns. And his reliance on out-of-circuit caselaw is unpersuasive in light of this Court's binding precedent. See Rand, 2010 WL 11549601, at *8 (finding the United States' interests as intervenor weighed in favor of a stay given the binding precedent in Campbell and the defendant's

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted decisions of the Fifth Circuit, as that court existed on September 30, 1981, as binding precedent.

reliance on out-of-circuit cases that "rejected or undermined the government's concern about the civil proceedings being used to avoid limitations on criminal discovery"). Thus, this factor weighs in favor of a discovery stay.

### 4. Defendants' interests and burdens

The fourth factor concerns the interests of, and burdens on, Defendants. The United States argues that, given the pending criminal case, Defendants' interest in expeditious resolution of this civil action is outweighed by their interest in avoiding the dilemma of choosing whether to invoke their Fifth Amendment privilege against self-incrimination. [See Doc. 69 at 16]. Specifically, Defendants "would almost certainly be deposed by" Plaintiff SEC in the civil case and face the choice of either providing substantive testimony that might incriminate them in the parallel criminal case or invoking their Fifth Amendment privilege against self-incrimination which could result in an adverse inference in the civil case. [See id. at 17].

In response, Defendant Merani contends that he is willing to face this Fifth Amendment dilemma, and therefore a stay of discovery is not in his interest. [See Doc. 72 at 7]. Defendant Merani further argues that the burdens of a stay would be heavy because "the serious civil charges brought against him by" Plaintiff SEC could linger "indefinitely" as this case awaits the conclusion of the parallel criminal case. [See id. at 3, 9]. Given his interest in a reasonably prompt resolution of the civil charges, Defendant Merani proposes that the Court resolve any discovery conflicts

on a case-by-case basis rather than stay all discovery proceedings. [See id. at 3, 7, 8].

Upon review, the Court finds that this factor neither weighs in favor of or against a stay. On the one hand, Defendants such as Defendant Merani have a legitimate interest in expeditious resolution of the instant civil suit given the serious accusations lodged against them. See Rand, 2010 WL 11549601, at *9 ("Courts have expressed concern about delaying civil litigation where the potential civil liability is severe."). On the other hand, although Defendant Merani is willing to face the dilemma of choosing whether to invoke his Fifth Amendment privilege against self-incrimination, such a dilemma might be a burden to the other eight (8) Defendants charged in both the civil and criminal cases. Indeed, two (2) Defendants have already invoked their Fifth Amendment privilege in objecting to making initial disclosures in the instant civil case. [See Docs. 66 at 1; 67 at 1]. Moreover, Defendant Merani's proposed piecemeal approach to discovery might exacerbate such a dilemma because discovery pertaining to him might necessarily involve his alleged co-conspirators and co-Defendants. Therefore, this factor neither weighs for or against a stay of discovery.

    5.    Interests of the Court

The fifth factor concerns the interests of the Court such as "efficient administration and judicial economy." See Gordon, 2009 WL 2252119, at *4. The

United States argues that this factor weighs in favor of a stay because resolution of the parallel criminal case might narrow the issues in the instant civil case. [See Doc. 69 at 18]. Defendant Merani asserts that a stay of discovery would hamper judicial economy because, should he be found not guilty in the parallel criminal proceeding, Plaintiff SEC will essentially be permitted to pursue a second trial against him in the instant civil case. [See Doc. 72 at 8].

The Court finds that its interests in judicial economy and efficiency weigh in favor of granting a stay. As noted by the Eleventh Circuit, collateral estoppel may "prevent relitigation of issues subsequently brought in a civil suit to the related issues determined in the criminal proceedings." In re Fin. Federated Title and Trust, Inc., 347 F.3d 880, 886 n.5 (11th Cir. 2003). Thus, "[a]lthough stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues." Grand Jury Proceedings (Williams) v. United States, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993). "[R]esolution of the criminal case may [also] increase the possibility of settlement of the civil case due to the high standard of proof required in a criminal prosecution." Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). Regardless of whether Defendant Merani is found guilty in the parallel criminal case, resolution of that case might narrow the issues to be decided

in the instant civil case as to him or the other eight (8) Defendants charged in both cases. Thus, this factor weighs in favor of a stay.

      6. <u>Public Interest</u>

Finally, the sixth factor considers the public interest. This factor weighs in favor of a stay of discovery because "[a]dministrative policy gives priority to the public interest in law enforcement." <u>See</u> <u>Campbell</u>, 307 F.2d at 487. Additionally, because of the overlapping issues in the parallel civil and criminal cases, "the criminal prosecution will serve to advance the public interests at stake here." <u>See</u> <u>Trustees of Plumbers & Pipefitters Nat. Pension Fund</u>, 886 F. Supp. at 1140. Therefore, this factor also weighs in favor of a stay.

      7. <u>Summary</u>

In sum, five (5) of the six (6) above-discussed factors weigh in favor of a stay, and therefore a stay of discovery in this case is warranted. <u>See</u> <u>Rand</u>, 2010 WL 11549601, at *12 (granting a stay of discovery in a SEC enforcement case pending resolution of a related criminal case). However, because the timeline for resolution of the parallel criminal case is uncertain, rather than stay these proceedings indefinitely, the Court finds that administrative closure of this case is the most appropriate course of action.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART and DENIES IN PART** the United States' "Motion to Intervene and Motion for Stay of Discovery." [Doc. 69]. Specifically, the Court **GRANTS** the motion to the extent the United States seeks to intervene in this case but **DENIES** the motion to the extent the United States requests a stay of discovery. The Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE**[4] this case. Upon conclusion of the parallel criminal case <u>United States v. Mohamed</u>, Criminal Action No. 1:22-CR-00283-VMC-CMS (N.D. Ga.), Plaintiff SEC should promptly move to reopen this action.

**SO ORDERED**, this 10th day of July, 2023.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[4] The Court notes that administrative closure will not impact the rights of any Party to this litigation. Any Party may move to reopen the case at any time.