# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

_____

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

v.

RAHIM MOHAMED,
DAVIES ("DAVE") WONG,
GLENN B. LAKEN,
RICHARD C. S. TANG,
ZOLTAN NAGY,
JEFFREY D. COX,
PHILLIP G. SEWELL,
BREANNE M. WONG,
CHRISTOPHE MERANI,
ANNA TANG,
ROBERT W. SEELEY,
RICHARD B. SMITH,
CHRISTOPHER R. SMITH,
H.E. CAPITAL SA,
POP HOLDINGS LTD.,
MAXIMUM VENTURES HOLDINGS LLC,
HARMONY RIDGE CORP., and
AVATELE GROUP LLC,

              Defendants,

9224-3708 QUEBEC, INC.,
     a/k/a DISTRIBUTIONS BANO, and
JASON BLACK,
              Relief Defendants.

_____

CIV. ACTION NO.
1:22-cv-03252-ELR

ORDER GRANTING
MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
OF PROCESS ON
DEFENDANT BREANNE
WONG PURSUANT TO
FED. R. CIV. P. 4(F)(3)

## I.    INTRODUCTION

Before the court is Plaintiff Securities and Exchange Commission's ("SEC") motion to authorize alternative service of process on Defendant Breanne Wong pursuant to Federal Rule of Civil Procedure 4(f)(3). [Doc. 116]. The court, having considered the motion, all submissions filed in support thereof, the balance of the record, and the applicable law, hereby GRANTS the SEC's motion to authorize alternative service.

## II.    BACKGROUND

On August 15, 2022, SEC filed a Complaint against 18 defendants alleging securities law violations in connection with a scheme to hack into private brokerage accounts and manipulate the market through forced sales of securities. [Doc. 1].

On July 10, 2023, in response to the United States Attorney's motion to intervene and stay discovery [Doc. 69], the Court administratively closed the case pending completion of the criminal case. [Doc. 92]. On November 3, 2023, the Court granted SEC's motion for authorization to continue its efforts to serve Ms. Wong while the case remained closed. [Doc. 104].

After the SEC commenced this lawsuit, it encountered logistical challenges in locating and personally serving Ms. Wong. The SEC initially sought service on Ms. Wong at a residential address it had for her in Panama City, Panama by mail

service by the Clerk of the Court pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), [Doc. 40], but the papers were returned undelivered. [Doc. 106].

In May 2023, SEC learned that Defendant had moved back to Vancouver, British Columbia, and hired process servers to locate and serve her. [Doc. 116-1 at 6]. They determined Defendant's last known address to be 6733 Balsam Street, Vancouver, BC, V6P 5W9 ("6733 Balsam Street") (*id.*), owned by her parents, Davies and Shirley Wong (*id.*), and made attempts to serve her there in December 2023 and January 2024. They were unable to personally serve her but left the documents in the mailbox. [*Id.* at 7]. In June 2024, service was again attempted at the home of Defendant's parents. The servers monitored the residence for six hours but were unsuccessful in serving Defendant. [*Id.*].

In July 2024, the SEC engaged another firm to locate and serve Defendant. [*Id.* at 8]. Skip tracing by the firm again determined 6733 Balsam Street, Vancouver, BC, V6P 5W9 to be her last known address. [*Id.*]. An individual at her parents' home advised a process server that Defendant no longer lived there. [*Id.*]. The process server subsequently identified a new possible residential address for the Defendant, 1166 Melville Street, unit 3001, Vancouver, British Columbia V6E 4P6, titled to Defendant's mother, Shirley Wong. [*Id.*].

On August 1, 2024, the process server went to the location, a 30-floor condominium tower and spoke to an individual through the building's intercom

3

who identified herself as Breanne Wong. [*Id.* at 8-9]. The process server requested admission to deliver a package, and the door to the complex was unlocked remotely. [*Id.* at 9].

When the process server knocked at unit 3001, he encountered not Ms. Wong but a woman who identified herself as an Airbnb guest. [*Id.*]. The server returned to the front entrance and tried to contact the Defendant through the intercom system, which he determined to be connected to Defendant's phone, but the call went to a voice mailbox associated with Defendant's telephone number. [*Id.*]. The process server then sent a text to the Defendant and dialed her number but determined that the Defendant had blocked his number. [*Id.*].

In late August of 2024, the process server made additional attempts to personally serve the Defendant at 1166 Melville Street and her parents' home but he was not successful. [*Id.* at 10]. He left the papers addressed to the Defendant at both locations. [*Id.*].

In May of 2025, the server determined through a review of British Columbia business entity filings that several of the condominium units at 1166 Melville Street were associated with the Defendant. [*Id.*]. He attempted to serve Defendant at these locations but could not gain entry to the building. [*Id.*].

In May 2026, the SEC made a final attempt to locate the Defendant using an investigative firm in Vancouver, British Columbia. The firm, however, was not successful in ascertaining the Defendant's place of residence. [*Id.* at 10-11].

The SEC has determined that 6733 Balsam Street, Vancouver, BC V6P 5W9 and 1166 Melville Street, units 3001, 3003 and 3005, Vancouver, BC V6E 4P6, are each designated as official mailing and/or delivery addresses for Defendant in connection with her service as an officer or director of a corporation established in British Columbia. [*Id.* at 16-18]. The SEC ascertained this information from public filings obtained from BC Registry Services, the provincial office in British Columbia with which corporations must register and file various disclosures. [*Id.*]. Information obtained by the SEC from BC Registry Service filings includes the following:

(1) Defendant's mailing and delivery address in connection with her service as a director of Porter & Co. Construction Ltd. is 1166 Melville Street, unit 3005, Vancouver, BC V6E 4P6 [*id.* at 16-17];

(2) Defendant's mailing and delivery address in connection with her service as an officer and director of Paradigm Projects Corp. is 6733 Balsam Street, Vancouver, BC V6P 5W9 [*id.* at 17];

(3) Defendant's mailing and delivery address in connection with her service as a director of Trinity Ventures Corp. is 1166 Melville Street, unit 3003, Vancouver, BC V6E 4P6 [*id.*]; and

(4) Defendant's mailing and delivery address in connection with her service as incorporator and director of Blast Resources Inc. (of which Defendant ceased to be a director of Blast Resources in August 2022) was 1166 Melville Street, unit 3001, Vancouver, BC V6E 4P6. [*Id.* at 17-18].

Each of above-referenced units at 1166 Melville Street was determined through public records to be owned by Shirley Wong, Defendant's mother, and 6733 Balsam Street was determined to be owned by Shirley and Davies Wong. [*Id.* at 18].

The SEC further determined that Defendant is currently an Airbnb host for several properties whose descriptions and locations are consistent with 1166 Melville Street, units 3001, 3003 and 3005, Vancouver, BC V6E 4P6. [*Id.* at 18-19]. In addition, the SEC found Airbnb reviews for the properties hosted by Defendant that demonstrate that her service as an Airbnb host is relatively current. [*Id.* at 19].

### III.   ANALYSIS

The SEC seeks an order authorizing service of process on Defendant in Canada by mail and UPS addressed to Defendant at 6733 Balsam Street,

Vancouver, BC V6P 5W9; and 1166 Melville Street, units 3001, 3003 and 3005, Vancouver, BC V6E 4P6. [Doc. 116 at 2]. The SEC argues that authorization of service by mail and UPS is appropriate pursuant to Federal Rule of Civil Procedure 4(f)(3) and comports with due process. [Doc. 116-1 at 13-20].

### A.    Service Under Federal Rule of Civil Procedure 4(f)(3)

Federal Rule of Civil Procedure 4(f) outlines the acceptable methods for serving an individual in a foreign country. *See* Fed.R.Civ.P. 4(f)(3) allows an individual in a foreign country to be served "at a place not within any judicial district of the United States" by a method not listed in Rule 4(f)(1)-(2) if the method is "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service of process under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief,'" but rather "one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). Thus, proper service of process through Federal Rule of Civil Procedure 4(f)(3) must be (1) directed by the court and (2) not prohibited by international agreement. *See id.*; Fed. R. Civ. P. 4(f)(3).

Rule 4(f)(3) does not impose any other limitations. *Rio*, 284 F.3d at 1014 (citing Fed. R. Civ. P. 4(f)(3)). "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and

7

most recently, email." *Id.* at 1016 (citing *SEC v. Tome*, 833 F.2d 1086, 1094 (2d

Cir. 1987)) (authorizing service of process by publication); *Smith v. Islamic*

*Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 WL 1658211, at *2-3 (S.D.N.Y.

Dec. 26, 2001) (authorizing service by publication); *Levin v. Ruby Trading Corp.*,

248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (allowing service by ordinary mail);

*Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving

service by mail to last known address); *Forum Fin. Grp., LLC v. President,*

*Fellows of Harvard Coll.*, 199 F.R.D. 22 (D. Me. 2001) (authorizing service to

defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation &*

*Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex

for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R.

713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email).

When a defendant is located within a country that is a signatory to the Hague

Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil

or Commercial Matters ("the Hague Convention"), the method of service on the

defendant must not be prohibited by the Hague Convention. *See* Fed. R. Civ. P.

4(f)(3). The Hague Convention provides that member countries shall have a central

authority to receive requests for service of process arriving from other member

countries. Nov. 15, 1965 (Hague Convention), [1969] 20 U.S.T. 361 at art. 2. The

central authority then serves the defendant or arranges service by an appropriate

agency, either (1) by a method prescribed by the country's internal law, or (2) by a method requested by the applicant, unless that method is incompatible with the country's law. *Id.* at art. 5. The Hague Convention, however, contains an explicit exemption where the address of the foreign defendant is unknown: "This Convention shall not apply where the address of the person to be served with the document is not known." *Id.* at art. 1.

Ms. Wong's last known address is in Canada [Doc. 116-1 at 6, 8, 15], which is a signatory of the Hague Convention. Canada has not objected to the alternative methods of service provided for in Article 10 of the Hague Service Convention, including the use of postal channels to send judicial documents directly to persons in the country in question. *See* Hague Conference on Private International Law, Canada – Declarations, Reservations, and Notifications, *available at* https://www.hcch.net/en/instruments /conventions/status-table/notifications/?csid= 392&disp=resdn (last visited June 4, 2026). In *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017), the U.S. Supreme Court held that the Hague Convention permits service of judicial documents by mail unless a country objects to Article 10(a). Because the SEC has not been able to determine Defendant's current address despite diligent efforts, the Hague Service Convention does not apply. Hague Service Convention, Art. 1; *see also UnderSea Recovery Corp. v. Madero Holding, S.A. de C.V.*, 2020 WL 13544376, at *3 (N.D. Ga. May 19, 2020) (an address is not

known if it remains unknown following the exercise of reasonable diligence) (collecting cases). The court thus finds that service of process through international mail and courier pursuant to Federal Rule of Civil Procedure 4(f)(3) for Ms. Wong in Canada is proper.

**B.      Reasonableness of the Government's Requested Methods of Service**

Even where a method of service of process is proper under Federal Rule of Civil Procedure 4(f)(3), the method "must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank Tr. Co.*, 339 U.S. 306, 314 (1950)). To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

The SEC determined through investigators and process servers that the home of Defendant's parents at 6733 Balsam Street, Vancouver, BC V6P 5W9 is her last known address of residence. [Doc. 116-1 at 6, 8]. On December 28, 2023, an individual at the home told a process server that the Defendant was not home but would be back the next day. [*Id.* at 7]. On July 26, 2024, the process server was informed by an occupant of the home that Defendant no longer lived there. [*Id.* at 8]. No current residential address for Defendant could be determined despite

diligent efforts [*id.* at 8, 10-11]; thus, her parents' home qualifies as Defendant's last known address.

Service by mail or courier to a defendant's last known address pursuant to Rule 4(f)(3), where not expressly prohibited by international agreement, has been found to be reasonably calculated to apprise defendants of actions against them. *See, e.g., Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176–78 (2d Cir. 1979) (approving service by mail to last known address); *Rio*, 284 F.3d at 1016; *United States v. Pomerantz*, 2017 WL1037552, at *3 (W.D. Wash. March 17, 2017) (authorizing service to defendant's last known address in Canada through international mail and courier pursuant to Rule 4(f)(3)); *In re International Telemedia Associates, Inc.*, 245 B.R. 713, 716 (Bankr. N.D. Ga. 2000) (noting entry of Order authorizing service on defendant by facsimile transmission, electronic mail, and mail to defendant's last known address). In this case, the fact that Defendants' parents own the place where she was last known to reside increases the likelihood that mail and courier service to this location will result in notice to Defendant. The court finds that service by such means to 6733 Balsam Street, Vancouver, BC V6P 5W9 is reasonably calculated to provide notice of the litigation to Defendant.

The court further finds that service by international mail and courier to contact addresses for Defendant listed in business entity filings of businesses for

which Defendant serves or served as an officer or director is reasonably calculated to apprise Defendant of the action against her. Filings obtained by the SEC from BC Registry Services, the provincial office in British Columbia with which corporations must register and file various disclosures, show that 6733 Balsam Street, Vancouver, BC V6P 5W9 and 1166 Melville Street, units 3001, 3003 and 3005, Vancouver, BC V6E 4P6 are each designated as an official mailing and/or delivery address for Defendant in connection with her service as an officer or director of a British Columbia corporation. The filings show that: (1) Defendant is a director of Porter & Co. Construction Ltd. with a listed mailing and delivery address of 1166 Melville Street, unit 3005, Vancouver, BC V6E 4P6 [Doc. 116-1 at 16-17]; (2) Defendant is an officer and director of Paradigm Projects Corp. with a listed delivery address of 6733 Balsam Street, Vancouver, BC V6P 5W9 [*id.* at 17]; (3) Defendant is a director of Trinity Ventures Corp. with a mailing and delivery address of 1166 Melville Street, unit 3003, Vancouver, BC V6E 4P6 [*id.*]; (4) Defendant was a director of Blast Resources Inc. until August 2022, with an initial listed mailing and delivery address of 1166 Melville Street, unit 3005, Vancouver, BC V6E 4P6 subsequently changed to unit 3001 at the same location. [*Id.* at 17-18].

Service by mail and courier at locations at which Defendant expects to receive mail and packages related to her corporate involvement is reasonably

calculated to apprise her of the litigation. *See Mullane*, 339 U.S. at 314; *cf. Vines of Argentina, LLC v. BBI Argentina*, 2024 WL 4189252, *3 (W.D. Wash. Sept. 13, 2024) (postal service on Canadian defendant at work address relied upon by defendant in online listings authorized pursuant to Rule 4(f)(3)). Moreover, ownership of each of these properties by one or both of her parents further supports the conclusion that service to the locations is reasonably calculated to give notice to Defendant.

Although the foregoing justifications supply sufficient grounds for the motion, the SEC offers an additional reason why service to the three penthouse condominiums at 1166 Melville Street, Vancouver, BC V6E 4P6 are reasonably calculated to give notice to the Defendant. The SEC has determined that Defendant appears to be an Airbnb host for the three units and that her activity as such is reasonably current. [Doc. 116-1 at 18-19]. As the SEC correctly points out, regular contact with the condominium units in connection with her role as an Airbnb host supports the contention that service to these addresses is reasonably calculated to notify Defendant of the pending action.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the SEC's motion to authorize alternative service of process on Defendant Breanne Wong (Doc. 116). It is hereby ORDERED:

1.  In lieu of personally serving Breanne Wong, the SEC is authorized to serve her by alternate means as described more fully herein;

2.  No later than thirty (30) days from the entry of this order, the SEC shall send to Breanne Wong both via international mail service and an international commercial courier service, such as UPS, a copy of this order, the summons issued to Ms. Wong, and a copy of the complaint filed in this action to the following addresses:

    i.   Breanne Wong
         6733 Balsam Street
         Vancouver, BC V6P 5W9

    ii.  Breanne Wong
         1166 Melville Street, Unit 3001
         Vancouver, BC V6E 4P6

    iii. Breanne Wong
         1166 Melville Street, Unit 3003
         Vancouver, BC V6E 4P6

    iv.  Breanne Wong
         1166 Melville Street, Unit 3005
         Vancouver, BC V6E 4P6

3.  Service shall be deemed effected by transmitting the summons and complaint, together with a copy of this order, to Defendant at the authorized addresses in Canada by depositing them in international mail and/or with an internationally recognized commercial courier service, including UPS.

Plaintiff shall maintain proof of mailing, shipment, tracking and/or delivery confirmation, as applicable.

Dated this 10th day of August, 2026.

ELEANOR L. ROSS
United States District Judge